### UNITED STATES v. HUNTINGTON et al.
#### and twenty-two other cases.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1921. Rehearing Denied December 5, 1921.)

#### Nos. 3554–3576.

**Public lands** ⬅➡**120—Evidence held to show fraud in obtaining patents.**

In actions by the United States to cancel patents to land for fraudulent representations of entrymen, evidence *held* to show fraud and knowledge thereof on the part of defendants.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suits by the United States against John Huntington and others, against Reuben J. Mitchell and others, against Henrietta Tuman and others, against Gertie Terrell and others, against Rebecca H. Heppe and others, against Jacob S. Aid and others, against Thomas L. Aid and others, against Henry Morley and others, against Elijah Taylor and others, against Robert Charles Taylor and others, against Carrie M. Allen and others, against James D. Baker and others, against Mayme H. Baker and others, against John L. Gray and others, against Margaret J. Baker and others, against M. Jackson Self and others, against John Vanornum and others, against George D. Gardenhire and others, against James D. Aid and others, against John W. Aid and others, against Charles J. Allen and others, against Charles J. Monroe and others, and against William J. Gardenhire and others, to cancel patents to land. From decrees in each case for defendants, the United States appeals. Reversed and remanded, with directions.

S. W. Williams, Sp. Asst. Atty. Gen., of Pawhuska, Okl., for the United States.

Charles A. Shurtleff and J. G. De Forest, both of San Francisco, Cal., for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. In each of the above-entitled cases the essential facts are similar to those found in the Cooksey Case, 275 Fed. 670.

In Huntington's Case entry was made October 16, 1902. Deed to Gregory was executed nine days thereafter, but not recorded for about two years, and after patent was issued. The land was conveyed to the Curtis, Collins & Holbrook Company May 2, 1903, but the deed was not recorded until several years later.

In Mitchell's Case the entry was made November 18, 1902, and on that day he executed a deed of conveyance to Gregory, which was not recorded until September 14, 1904. Gregory conveyed on May 2, 1903, to the corporation, but the deed was not recorded until several years had passed.

Henrietta Tuman's Case disclosed that the entry was made September 20, 1902, the land conveyed to Gregory January 20, 1903, but the deed not recorded until September 10, 1904. Gregory conveyed to the corporation October 15, 1904, but the deed was not recorded until more than five years thereafter.

Gertie Terrell made entry September 3, 1902, deeded to Gregory on September 11, 1902, but the deed was not recorded for about two years, and until after patent issued. Gregory conveyed to the corporation in December, 1902, but the deed was not recorded until more than seven years had passed.

The case of Rebecca H. Heppe shows that the entry-woman conveyed to Gregory about a week after she made entry, but the deed was not re-

corded until two years afterwards, and until several months had passed after patent was issued. Gregory conveyed to the corporation in December, 1902, but the deed was not recorded until years afterwards.

Jacob S. Aid made entry November 21, 1902, and deeded to Gregory December 9, 1902, but the deed was not recorded until about two years afterwards. Patent issued June 8, 1904, and Gregory deeded to the company May 2, 1903, but the deed was not recorded until six or seven years afterwards.

Thomas L. Aid and James D. Aid made entries November 21, 1902, conveyed to Gregory December 9, 1902, but the deeds were not recorded until two years later. Gregory conveyed to the corporation May 2, 1903, and patents were issued in 1904, but the Gregory deeds were not recorded for several years afterwards.

In Henry Morley's case entry was made December 24, 1902. Conveyance to Gregory was made December 19, 1902, but the deed was not put on record for two years, and until after patent was issued. Gregory's conveyance to the corporation was dated May 2, 1903, but it was not recorded for several years afterwards.

Elijah Taylor made entry November 29, 1902, conveyed to Gregory December 1, 1902, but the deed was not recorded until December 14, 1904. Patent issued June 8, 1904, and Gregory conveyed to the company May 2, 1903, but the deed was not recorded until more than five years later.

Robert C. Taylor's entry was made November 29, 1902, and on December 1st thereafter Taylor conveyed to Gregory, and the deed was recorded September 23, 1904. Patent to Taylor issued June 8, 1904, and Gregory conveyed to the company May 2, 1903, but Gregory's deed to the company was not recorded until about seven years thereafter.

Carrie M. Allen made entry October 3, 1902, deeded to Gregory October 14, 1902, but the deed was not recorded until March 28, 1910. Patent was issued September 15, 1904, and Gregory conveyed to the corporation December, 1902, but the deed was not recorded until more than six years thereafter.

James D. Baker made entry August 23, 1902, and very shortly afterwards conveyed to Gregory, but the deed to Gregory was not recorded until September, 1904, and after patent had issued. Gregory conveyed to the corporation in December, 1902, but there is no record of the deed until years thereafter.

Mayme H. Baker made entry July 30, 1902, conveyed to Gregory September 6, 1902, and her deed was recorded November 12, 1904, after patent had been issued. Gregory conveyed to the corporation December 2, 1902, but the deed was not recorded until several years thereafter.

John L. Gray made entry November 29, 1902, and deeded to Gregory two days thereafter, but no deed was recorded until 1909. Patent issued in April, 1905, and in 1903 Gregory had conveyed to the corporation, but the deed was not recorded until 1910.

Margaret J. Baker made entry August 29, 1902, and conveyed to Gregory September 6, 1902, but no deed was recorded until April, 1910,

long after patent had issued. Gregory conveyed to the company December 2, 1902, but the deed was not put on record until more than six years afterwards.

M. J. Self made entry February 6, 1903, conveyed to Gregory March, 1903, but there is no record of the deed until May, 1905. Gregory conveyed to the corporation in May, 1903, but the deed was not recorded until more than five years afterwards.

John Vanornum made his entry January 26, 1903, and on February 24, 1903, deeded to Gregory. The deed was recorded October 29, 1904, shortly after patent issued. Gregory deeded to the corporation in May, 1903, but his deed was not recorded for several years.

George D. Gardenhire made entry September 22, 1902, soon thereafter conveyed to Gregory, but the deed was not recorded until March, 1911. Patent issued in December, 1904, and Gregory conveyed to the corporation in 1902, but the deed from Gregory was not recorded for more than six years afterwards.

John W. Aid made entry in November, 1902, conveyed to Gregory in December, 1902, and his deed was recorded in February, 1911. Patent issued in 1906 and Gregory conveyed to the company in 1903, but the deed was not recorded for several years thereafter.

Charles J. Allen made entry October, 1902, conveyed to Gregory about ten days afterwards, and the deed was recorded in March, 1910. Gregory deeded to the corporation in November, 1902. Patent was issued in January, 1905, but the deed to the company was not recorded for several years afterwards.

Charles J. Monroe made entry in September, 1902, and conveyed the land two days afterwards to Gregory, but the deed was not recorded until March, 1911, about five years after patent had issued. Gregory conveyed to the company in December, 1902, but the deed was not recorded until about seven years thereafter.

W. J. Gardenhire made entry September, 1902, conveyed to Gregory in the same month, but the deed was not recorded until 1910, or six years after issuance of patent. Gregory deeded to the company in December, 1902, but the deed was not recorded until years afterwards.

Upon the authority of United States v. Cooksey et al., just heretofore decided, in each of the above-entitled cases, the decree of the lower court is reversed, and the cause is remanded, with directions to enter a decree canceling the patent.

Reversed.